The opinion below is hereby signed. Dated: January 5, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRIAN DEASON, | ) | Case No. 05-02341 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

OPINION REGARDING DEBTOR'S OBJECTION TO DISMISSAL OF CASE

On December 2, 2005, the court entered its Order Giving Notice of Opportunity to Object to Dismissal (D.E. No. 20), in which it gave notice to all parties in interest in the debtor's case that the court would dismiss the case with prejudice within 20 days of entry of the order due to the debtor's failure to file his Schedules A-J and Statement of Financial Affairs as required by Fed. R. Bankr. P. 1007 and Local Bankruptcy Rule 1007-1 unless the court granted a timely filed objection to dismissal. The debtor filed an untitled objection to dismissal of his case on December 26, 2005 (D.E. No. 22)--four days after the deadline for any objections to dismissal of the debtor's case.[1] Accordingly,

---

[1] No other party in interest to the debtor's case has filed an objection to dismissal of the case.

the court need not consider the substance of the debtor's objection because it was not filed within the time frame set forth in the court's prior order and Fed. R. Bankr. P. 2002(a)(4).

Even if the court were to consider the objection on its merits, the court would still dismiss the debtor's case. The debtor claims that his schedules and Statement of Financial Affairs "w[ere] filed shortly after the original [v]oluntary [p]etition was filed on October 17, 2005" (D.E. No. 22 at 1), but the court's docket reflects no such filing. Moreover, while the debtor claims to have been unaware of the need to file the missing items because he was out of the District of Columbia from November 29, 2005 until December 27, 2005, the initial order from the court directing the debtor to file his schedules and Statement of Financial Affairs (D.E. No. 7) was entered on October 25, 2005 (over a month before the debtor left the area), and a separate order to show cause concerning the same items (D.E. No. 16) was entered on November 8, 2005. Finally, although the debtor states in his objection that he could file the missing items by December 28, 2005 (D.E. No. 22 at 2), these items are <u>still</u> absent from the court's docket as of this date.

In sum, the debtor's arguments in objection to dismissal of his case are untimely and unpersuasive, and the debtor has not yet complied with the multiple orders entered by the court

directing the debtor to file his Schedules A-J and Statement of Financial Affairs as required by the Federal Rules of Bankruptcy Procedure and this court's local rules.  For these reasons, the court will overrule the debtor's objection and enter a separate order dismissing the debtor's case with prejudice to the filing of a bankruptcy case by the debtor for a period of 180 days pursuant to 11 U.S.C. § 109(g).

    Separate orders follow.

                              [Signed and dated above.]

Copies to: Debtor; chapter 7 trustee